```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

DAVID LEWIS,                            :
                                        :
    Plaintiff,                         :
                                        :
vs.                                     :   CIVIL ACTION NO. 16-00111-B
                                        :
AMERIPRISE INSURANCE COMPANY,           :
*et al.*,                               :
                                        :
    Defendants.                        :

### ORDER

This action is before the Court on Plaintiff David Lewis' Motion to Compel (Doc. 44). Plaintiff seeks an order compelling Defendants Ameriprise Insurance Company and IDS Property Casualty Insurance Company ("collectively Ameriprise Defendants") to provide unredacted documents in response to Plaintiff's production requests for Defendants' claim file and other documentation regarding the investigation of Plaintiff's fire loss. The motion has been fully briefed, and a discovery conference was conducted on February 23, 2017. Upon consideration of the parties' briefs and supporting materials, the representations of counsel at the discovery conference, and an *in camera* review of the "claim file," Plaintiff's motion is **granted** in part, and **denied,** in part.

## I. Background

Plaintiff obtained a homeowners insurance policy through the Ameriprise Defendants for his property located in Uniontown, Alabama (Doc. 1-1). A fire destroyed the house on August 15, 2015, and Plaintiff commenced this action against Defendants in February 2016 for breach of contract and bad faith after they failed pay under the policy. According to Plaintiff, Defendants were served with discovery requests which provided "[p]roduce your entire claims file for the claim made the basis of this lawsuit" (Doc. 44 at 3) and produce "[a]ny and all correspondence, emails, notes or documents exchanged between you and any other person or entity investigating the fire loss made the subject of this lawsuit. (Id. at 5). Plaintiff avers that Defendants have improperly redacted the majority of the claims file on the ground of work product generated in anticipation of litigation when in fact, claim file activity generated prior to a decision denying the claim does not constitute work product. In Defendants' opposition (Doc. 49), they argue that objective evidence reveals that the claims documents were prepared in anticipation of litigation beginning at 8:17 on August 17, 2015 when the Ameriprise Defendants sent Lewis' claim to its special investigations unit (hereinafter "SIU"). (Doc. 49 at 2). Defendants further assert that if the Court does not accept August 17, 2015, as the anticipation of litigation date, August

28, 2015, should be utilized because that is the date that Defendants' reservation of rights letter was generated.

**II. Standard of Review**

Fed. R. Civ. P. 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

Fed.R. Civ. P. 26(b)(1).

Under the Federal Rules of Civil Procedure, full discovery is strongly favored whenever possible. Republic of Ecuador v. Hinchee, 741 F. 3d 1185, 1189 (11th Cir. 2013). In a diversity case, such as this, federal courts apply state law to resolve claims of attorney-client privilege and joint-defense privilege, but federal law to resolve claims of privilege under the work product doctrine. See Developers Surety & Indem. Co. v. Harding Village, Ltd., 2007 U.S. Dist. LEXIS 49994, 2007 WL 2021939, *1

---

[1] The 2015 revision to Fed.R.Civ. P. 26(b)(1) became applicable "insofar as just and practicable" to all pending proceedings on December 1, 2015. Fed. R. Civ. P. Refs & Annos (Order of April 29, 2015). Under the revised rules, the proportionality facts previously found under Rule 26(b)(2)(C) have been elevated. Herrera-Velazquez v. Plantation Sweets, Inc., 2016 U.S. Dist. LEXIS 4956, 2016 WL 183058, *4 (S.D. Ga. Jan. 14, 2016).

(S.D. Fla. 2007); McClary v. Walsh, 202 F.R.D. 286, 290 (N.D. Ala. 2000) ("Because the rule of decision in this diversity case is supplied by Alabama state law, the law of privileges also comes from state law."). Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed.R.Civ.P. 26(b)(3). See Underwriters Ins. Co. v. Atlanta Gas Light Co., 248 F.R.D. 663, 667 (N.D. Ga. 2008)("In this diversity action, the scope of the work product doctrine is determined by Rule 26(b)(3) of the Federal Rules of Civil Procedure."); United States Fidelity & Guaranty Co. v. Liberty Surplus Ins. Corp., 2007 U.S. Dist. LEXIS 75972, 2007 WL 3023488, *2 (M.D. Fla. 2007) ("The attorney work product doctrine is determined based on federal law."); The Atrium on the Ocean II Condominium Ass'n, Inc. v. QBE Ins. Corp., 2007 U.S. Dist. LEXIS 74962, 2007 WL 2972937, *2 (S.D. Fla. 2007) (applying federal law to issues relating to the work product doctrine).

The work product privilege provides a qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, or other representatives of the party. Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Rule 26(b)(3)(A)(ii) protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including

4

the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" unless the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). The party asserting the work product privilege bears the burden of establishing its application over the documents it seeks to protect. See Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 697 (N.D. Ga. 2007). The work product privilege "must be specifically raised and demonstrated rather than asserted in a blanket fashion." Id. at 698.

Pure facts are not subject to the attorney-client privilege or work product production. "Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'" Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir.), *opinion modified on reh'g on other grounds*, 30 F.3d 1347 (11th Cir. 1994) (citations omitted). "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." Id. (citing Hickman, 329 U.S. at 510). "In Upjohn, [v. United States, 449 U.S. 383, 395-96 (1981)], the Supreme Court made clear that an attorney's notes and memoranda of a witness's oral statements is considered to be opinion work product." Id. "As Rule 26(b)(3)

5

makes apparent, 'opinion work product can not be discovered upon a showing of substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" Id. (citations omitted). Instead, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." Id. (citations omitted).

"A party must anticipate litigation at the time the documents were drafted for these protections to apply." Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 698 (S.D. Fla. 2007). "Materials or documents drafted in the ordinary course of business are not protected." Id.; see also Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group, 2004 U.S. Dist. LEXIS 22487, 2004 WL 5215191, *2 (M.D. Fla. 2004) ("The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative (including its attorney). . . . The work product doctrine was not intended to protect from general discovery materials prepared in the ordinary course of business[.]").

### III. Analysis

As noted, in this case, Plaintiff contends that the claim file produced by Defendants is essentially useless due to the heavy redactions. The crux of the dispute is at what point did the file in question go from claims investigation and processing

6

to anticipation of litigation. Courts within this Circuit have recognized that "[insurance] claim files generally do not constitute work product in the early stages of investigation, when the insurance company is primarily concerned with 'deciding whether to resist the claim, to reimburse the insured and seek subrogation. . .or to reimburse the insured and forget about the claim thereafter.'" Underwriters, 248 F.R.D. at 667 (quoting Carver v. Allstate Ins. Co., 94 F.R.D. 131, 134 (S.D. Ga. 1982). The court in Carver observed that claim files "straddle both ends of this definition, because it is the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation." Carver, 94 F.R.D. at 134. "Once litigation is imminent, however, the claims investigation file is maintained 'in anticipation of litigation' and its contents are protected by the work product doctrine." Underwriters, 248 F.R.D. at 667.

> Courts analyze the facts of each case while using phrases like whether litigation was the 'primary motivating factor' in generating a document, or whether the document was created 'because of' actual or expected litigation. See e.g., Maher, 143 S.W.3d at 912 ('For the privilege to apply, preparation for litigation must be the primary motivating purpose underlying the creation of the document.'); Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc., 690 N.W.2d 38, 47-48 (Iowa 2004) (if documents would have been created in essentially similar form irrespective of litigation, it cannot fairly be said that they were created

7

>     because of actual or impending litigation, and documents would not be entitled to work-product privilege). Those semantic conceptualizations all involve an attempt to discern when an insured likely will resort to litigation. But given the sheer complexity of human perception and behaviors, line-drawing here at best will be imprecise. See e.g., Meighan v. TransGuard Ins. Co. of Am., Inc., 298 F.R.D. 436, 448 (N.D. Iowa 2014).

Cone v. National Gen. Assurance Co., 2015 U.S. Dist. LEXIS 154629, 2015 WL 7196478, *5 n.10 (S.D. Ga. Nov. 16, 2015).

In this case, the fire loss occurred on August 15, 2015. Two days before the fire, Defendants had notified Plaintiff that the policy was slated to be cancelled if an interior home inspection was not completed. The Ameriprise Defendants take the position that, due to this activity immediately before the fire, the fire was considered suspect from the beginning and was referred to SIU on August 17, 2015. While the origin and cause of the fire may have been suspect from the beginning, the undersigned finds that litigation was not imminent at that point. A review of the claims file reveals that, in the months following the fire, much of the activity was basic claims handling because Defendants were gathering information regarding the origin and cause of the fire as well as investigating the accuracy of information provided by Plaintiff. The issuance of the reservation of rights letter on August 28, 2015, and the engagement of the Michigan Investigative Group to complete the

preliminary investigation did not change the fact that Defendants were still in the information gathering mode. Indeed, during this period, the Defendants were not only advising Plaintiff and his counsel that the investigation was continuing and that additional time was needed to complete the investigation, but they were also asking Plaintiff to provide specific categories of information to substantiate his claim. Such activity clearly suggests that litigation was not imminent, that Defendants were still in the fact gathering mode, and that Plaintiff's claim was still under consideration. It was arguably not until January 2016, when the decision was made, based on the investigation results, to explore rescission of Plaintiff's insurance policy. This is the point at which litigation was imminent. Accordingly, the undersigned finds that Plaintiff is entitled to the unredacted claim file documents (absent redactions for attorney client privileged communications) through January 21, 2016. The undersigned notes that while it appears that the SIU/MIG report (bates no. CLM Docs—00000075) was not made a part of the claims file until January 27, 2016, the report is discoverable as it essentially consists of transcriptions of witness interviews conducted in September 2015 as part of the investigation of Plaintiff's claim. Defendants are directed to produce the above referenced documents by **March 10, 2017.**

In light of the above, the scheduling order (Doc. 40) will be modified by separate order.

**DONE** this **6th** day of **March, 2016.**

                                        **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**